Case number 18 38 39 and 38 60 in re National Prescription Opiate Litigation Arguments 50 minutes to be shared by appellants 50 minutes to be shared by a police Miss Harden Lofton I see miss Lofton your first Good morning. Morning My name is Karen left in I'm here today Representing the Washington Post. I will take six minutes to speak My co-counsel from West Virginia will be taking seven minutes and I reserve two minutes for rebuttal First there are two sets of records at issue in this appeal First is the Arcos data set that is the object of the protective order And the second is the dozens of pleadings that have been filed under seal or with redactions in this case Like I'm going to address them separately first the protective order and the Arcos data a Protective order as you no doubt. No needs to be entered with the finding of good cause If you review the protective orders issued in this case, which started with record number 167 and was supplemented a couple times. I filed an updated one notice for this court record number 1454 1545 I'm sorry is the same Restrictions on the Arcos data and nowhere in those protective orders. Does it address? Good cause at all now the key leading case on this point is Seattle Times out of the US Supreme Court and It is clear that the Times Seattle Times case says that you can't use discovery necessarily in things other than for litigation however, there are three important points from that case that The district court in this case failed to address and that means we believe that the protective order Should be vacated Well one difference in from the saddle cases and it is that these are Non-party records that you're after Seattle. Those were party records That's true. And there are many many many difference with the Seattle Times case In fact, one of the main differences is that there was no public entity party in the case and that the Public Records Act or a state statute was not a factor at all either Because it was a private entity plaintiff The Seattle Times had been sued for defamation and another important point is that it was seeking personal information What this court has held many times? to differentiate between information about a person Where you go to church who you support? Where you donate money? Whether you're a member of the Klan or something like that has been found in this court to have a protection that business records and records compiled such as the Arcos data does not have that would be records of the tar content of cigarettes that would be records of pertaining to medical records with health care for the Blue Cross and Shane group case that would be the Motors dealing with the sunroof. Those are separate kinds of records than the ones addressed in Seattle Times Let me ask you this question the judge during the course of this Made a lot of efforts to get the parties together and there was some agreement on some things and like the brief they eliminated a lot of the Redactions and gave you a less read that sounds like something snatched from today's headlines, by the way and What? Without getting overly specific. What is it that you didn't get that you really are seeking here because you did get a lot of stuff No, sir. I'm going to disagree with you on that Two things we did not get and then we're seeking here Number one is access our access to the Arcos data set. There is a database of information that is underlying this whole case which started it and It is being withheld. We believe improperly. It is the subject of the protective order We have received none of it. It is not accessible to us or to the public as it should be That's number one The second thing we want access to is all the pleadings that have been filed under seal the protective order allows or actually compels the parties to file Pleadings under seal if they deal with the Arcos data the interesting thing about that Is that pleadings have been filed under seal even if they don't? Deal with the Arcos data and even where there is no Assertion that there's a compelling interest that requires them to be filed under seal that this compelling interest outweighs the public's interest in knowing And that it's narrowly tailored that has not been done in any of these Voluminous pleadings filed under seal. So what we're asking for today is both access to the Arcos data set and An unsealing of all the pleadings that are not demonstrated to be Sealed or redacted in compliance with Long standing case law from the Supreme Court the Sixth Circuit and you here have been very much a leader on this front As as I think this court has said many times This court's business is done in public and what's happening in this? Opiate litigation as it's being done largely in private and and the media takes issue with that in particular If I can talk about how the Seattle Times case has been If you will Yes, I just want to clarify that the history the DEA resisted Giving the Arco data and the judge ruled against the DEA objections and then the minor saying then the parties Stipulated to the order that contains the protective order in it that that would happen I have to tell you that exactly what happened is unclear because so much of it has not happened on the record I think you're generally Accurate on that my understanding of it Is that the plaintiffs in this case the public entities had subpoenaed the Arcos data the DEA? objected to providing it filed to become Amicus or a friend of the of the court here and became involved for the purpose of Keeping the Arcos data secret what happened at that time is there was a hearing and it was at the end of February With the plaintiffs with the defendants and with the DEA where they talked about What their concerns were and that is record 156 and it has been available to you and much of it quoted in my brief and so the way it turned out is as a result of that hearing they got together and somehow a Protective order was crafted. I believe it was done with those parties. I'm uncertain exactly How it happened argument is that even if there's a stipulation that judge has to have a ruling of good cause otherwise, it's It's not a valid protective order and there's no finding of good cause here Exactly. That's right. And especially if there's a stipulation your honor parties can't stipulate to Something the judge got a fine exactly It can't stipulate to confidentiality of something that should be public and our issue specifically here if I can just drill down is that This protective order goes far beyond What is necessary to protect the interests of the parties during this litigation in that it? essentially preempts Ohio's Public Records Act But in particular I'm looking at the middle paragraph of page 11 of the order where the judge Essentially says that these will never become public records. You you give them back and there is no way to get this our coast data even ever because Trial it will be public. I thought that's if it goes to trial. It could be public Oh and if he decides because if you read The orders you will see that he has reserved the right to think about this and to decide And what we believe is that the law requires him First of all that there be a good cause finding in a protective order, which was not done second of all that it be limited to the context of pretrial discovery and not Lead into all the pleadings and other things that have been filed even if the initial order Wasn't supported by a ruling of good cause after you got in the case Not that the judge justified the protective order by these these reasons that the DEA actually had had raised earlier about hurting potential prosecutions and all this No, sir. I do not believe he did. I believe he did not do that at all What he said is two things. He says that it contains law enforcement Sensitive information and He said it contains confidential commercial information but two things that are important here are to note that What this our coast data is is it's a data set where the pharmaceutical companies? Just by way of example McKesson sends 10,000 opioid pills to the Walgreens on Main Street in Cincinnati on June 15th That must be reported So it is just raw data. It is not a law enforcement record in The same because it has no additional argument. It's not good cause but the judge after After the order was issued Attempted to justify it by reasons that I see is he's attributing as good cause I I would agree with your assessment that he was attempting to attribute it in the order that we're appealing from here today, but I think he fails to do that because it There's not sufficient evidence in the record and maybe there's no evidence at all that This is law enforcement sensitive information or even if it were if that rises to the level of good cause keep in mind that these are documents from 2006 with an end date of December 31st of 2015 2014 Yeah, so so I think we need to understand precisely what the impact Of this protective order is and what the impact is is that it has really given the parties wide berth to file numerous documents under seal and with redactions with no compelling interest asserted and I would just like to point out in Footnote number seven of the pharmaceutical defendants brief record 38 page 30 where they talk about the Minimalism of the redaction going on they minimalize it. They say for example only 26 of the 1137 paragraphs ie 2% in the summit County complaint contain redactions only 8 of the redacted paragraphs concern our coast data You know with all due respect What are the other 18 paragraphs being redacted for and and I think that it's very clear One cannot do that unless one makes a compelling Showing that you have a compelling interest in this redaction and that it outweighs the public's interest in knowing and I also want to point out that that This court is giving pretty short shrift to the importance of the underlying litigation It is public entity plaintiffs with a public health crisis that really affects more people than than your regular Than your regular case and more people than I think Shane might have or some of the The class actions, this is not a class action, but it certainly Affects as many people if not more. I know you're out of time, but let me ask you this What does the record there in the district court show about? The district judges review of materials That were subjected to the protective order before he put on the protective order and What does the record in the district court show about? redactions and sealed Records that were sealed by the district court before those Orders were put on by the the district court in terms of the district courts review of specific Documents and information that were being held from Public view. What's your understanding about the district courts review process in that regard? My understanding is That this is a very complex case that there are more than 1,600 pleadings filed so far as of yesterday, I believe and I don't believe there is any review being done before a Request for filing under seal or redactions is made. We reviewed this just a few days ago and looked at the record It's appendix B I believe in my principal brief Supplemented with appendix A in my reply brief and we looked at it as of just the other day and what we found is That of all the requests to file under seal or with redactions As far as we could tell every single one was granted and none was questioned If You're successful Is there any? parsing of any of this required in the sense that Is it possible that even under your theory? Some documents are appropriately sealed I Cannot tell you no to that because I don't know what the compelling interest in sealing I think that they have to be looked at at on a document by document basis on a line-by-line basis and If there is something That rises to the level I don't think you would have an objection from from my client at all or from us because we understand the need for that like that part of the problem here is That these things that protective order was issued Very broadly and without concern to how to narrowly tailor it, you know the court said in its decision that This does not restrict the dissemination of information gained by other sources And he's quoting Seattle Times when he does that because Seattle Times is one of is the key case on this sort of issue but in fact his order does restrict the dissemination of this information on All levels because it requires that the parties give it back and it really preempts the state public records act in a way that I don't think he has the authority to do and for that reason I think what you need to do is you need to vacate the protective order and send it back to him and Ask him to find a good cause in keeping with The Seattle Times guidelines. It needs to be limited to the context of pretrial discovery And it needs to not abrogate the parties the public entities entity plaintiffs Obligations under the public records act. I Think that's important. I think what he can do is to narrowly tailor this to have it Confidential as a trial preparation record during the pendency of the proceedings But after the proceedings or perhaps 120 days after this court makes its decision The protective order should expire because the value of openness and Transparency needs to be balanced with the the DEA and pharmaceutical defendants interest in secrecy That has not been done and the value of transparency here is great. I guess part of my question to you was wondering Whether this has to well if you prevail that this will have to go back to the district court It doesn't seem to me that If this has to be on a document by document basis, that's something we can't do I mean we couldn't issue an order So it seems to me if you get relief some of it is going to be go back With the with a clearer pronouncement of what the legal requirements are the tests and then the judge I'll have to take another look at it Yes and actually the way that Would work as a practical matter is that everyone who sought to file something under seal and there are many parties different parties has a responsibility when they're seeking to file that to Demonstrate the compelling interest in sealing it that their interest in sealing it Outweighs the public's interest in access and that there's no more narrowly tailored Way to do that And so it wouldn't fall necessarily to the court to review these and I know there are dozens maybe more than a hundred now It would fall to each of the parties and as you might have noted from my principal brief The DEA Originally filed its brief on this case with redactions But the district court called it heavily redacted and then they voluntarily and redacted some and you'll note that I set out What was voluntarily unredacted and what it said to me and what I hope it says to you Is that those things needn't have been redacted in the first place and what I'm hoping and expecting And what I believe that the law is is that when the parties are Compelled to go back and demonstrate their compelling interest in sealing they sit down and they take a look and they say It really doesn't have to be sealed and I think for the most part that will be the answer not that nothing will but that An overwhelming amount won't be All right. We'll hear from your co-counsel. Thank you Good Morning and may it please the court. My name is Patrick McGinley. I represent HD media a Holding company for West Virginia newspapers. You'll have your several minutes, but would you please turn the light on the lights not on? Oh, I okay Go right ahead. Yes, your honor This case is not only about the the Sealing of court records without any finding of good cause but also the protective order that Did not find good cause but as judge Griffin, you know, you noted In the court's July 26 opinion from which we were appealing the the court purported to find good cause however That good cause finding is not supported by a Rational explanation It's simply a superficial nod to the fact that law enforcement activities are entitled to Previous rule ruling, I think Rejecting the DEA's Arguments that this would hurt criminal enforcement and then the same judge reject all these bases for Releasing of the records and then then use the same bases to establish the protective order. I mean Yeah, that's exactly right. In fact, it was on April 11th of 2018 rule of the rulings which are rulings I guess of fact Usually entitled to some deference, but they just contradict each other and in the court should have explained that that's one of the arguments That we make And and and he cited the Medell case from the 8th Circuit and the District Court from Minnesota that involved Arco's data in the same way The In that case, it was a FOIA requester and for four almost five years the DEA resisted disclosing that Arco's data and ultimately in the end the district court said DEA hasn't been able to identify any of the entire Arco's data that was was requested that could could be disclosed and Exempt material Redacted it. I mean the data here that's requested ends 2014 like five years ago Are there's criminal statutes of limitation five-year statute of limitations. So for the great majority of It couldn't be prosecuted. Anyway, that's exact. That's exactly right. Moreover. I think it's very important your honors to know exactly what The effect of this Protective order is in light of the fact that in 2015 the the DEA disclosed to Or gave to the Attorney General of West Virginia. It's a huge part of its Arco's database for use in Pill-mill litigation the same sorts of cases that are pending before the district court here by the state of West Virginia seeking damages against opioid distributors and It put place no restriction on the use of that debt It did not object to the disclosure of that data in fact this case unlike Medell were the only Objection the DEA made was to the disclosure of confidential business information. This case is the first time Where the DEA has interposed the law enforcement? Rationale for withholding this database and so The DEA database was disclosed to a reporter the Charleston Gazette-Mail whom we represent in 2016 the entire database given by the DEA under with no restrictions and that that included DEA analysis of Hydrocodone oxycodone sales by each County in West Virginia on a per capita basis Hydrocodone oxycodone purchases by strength Arco's family our pharmacy Spreadsheets including the name of pharmacy DEA number drug code City County zip code waiting grams total dosage units and that was taken your honor and Discussed in the Charleston Daily Mail Articles that focused on the the flood of 780 million Opioid pills in West Virginia during that early period 2007 to 2000 2012 including for example They were able to report on the basis of the Arco's data that 9 million pills Opioid pills have been sold in the town of Kermit, West Virginia population 392 over a two-year period You know, how does that how did that information interfere with law enforcement? And then if we look your honors at The complaint filed in the MDL by a West Virginia municipality Cabell County You can see the effect of the redaction and what the DEA and the drug company defendants below argue Is confidential and should not be released This would be Page 11796 of document 518 paragraph 676 and so on Distributors registered with the DEA moved approximately redacted number of units pills of these opioids into the Cabell County between 2006 and 2014 more than redacted number of pills for every man woman and child in the county each year What what's the rationale for keeping that secret? Statewide the volume of opioids much of which foreseeably migrated in the Cabell County exceeded Redacted number in a state with a population of over one only 1.8 million people Distributors registered with the DEA moved approximately Redacted number of these opioids into the state of West Virginia between 2006 and 2014 more than redacted number Of pills for every man woman and child in West Virginia in each year That's an example of what the drug companies Yes, sir insinuated in your briefs that the the judge Issued the protective order for an improper purpose and that his real purpose is to encourage settlement Because the drug companies don't want data released to the public That that the judge is trying to pressure the drug companies to settle so this data won't be released I think that's kind of an underlying theme. Do you have any evidence that? The judge is not acting on the basis of good cause but for an improper purpose such as trying to leverage a settlement Yes, your honor It's in the judge's opinion that we've appealed below where he he says the only two reasons that this data can be It was being revealed was in order to facilitate settlement in this negotiation he said that yes Okay. All right. I don't think that's good cause at least under the normal factors that good cause is to encourage a settlement, so Would you have a position on that? Well, I don't think it's good cause I don't think the opinion supports that none of the Protective orders were found to be supported by good cause and if you look at the court's opinion there really isn't anything more than conclusory and speculative allegations of harm by the defendants and And the DEA and it was embraced by the district court, you know I know your time so one last question here the judge seemed to change his perspective on the case involving sealing Information Early on he was permitting Disclosures and That kind of thing and later on he with this The protective orders he switched gears And and there's no and started prohibiting Disclosure and putting on these protective orders and sealing of Information and there's no no indication as that I can find as to what caused the judge to Change his Perspective on this issue Do you know of anything that changed well with respect to the district court the his His decision to Order the DEA to comply with the plaintiff subpoena was with the understanding that his preconceived Decision that none of this data would be released. So He was rejecting the same arguments that were made are being made here with regard to law enforcement harm and competitive business Harm, but he's basically telling and it's on the record telling the parties. None of this will get out All right. Thank you. Thank you Good morning, may it please the court Sarah Carroll on behalf of the United States I would like to use 10 minutes and leave five minutes for the MDL defendants as Counsel for the Washington Post said the Washington Post and the and HD media have tried to raise two distinct issues here And I want to make clear that they're distinct One is the request for disclosure of this Arcos data that was produced in third-party discovery pursuant to a protective order The other is this request to unseal court records and as this court has said repeatedly the standards for those things are starkly different I'd like to begin with the Arcos data and with the protective order This is an issue that is of really critical importance to the United States and to DEA I first want to clear up a couple of I think Confusions that that opposing counsel may have expressed first I want to make clear that this was not just a stipulated protective order The parties were not able to agree to a protective order DEA which owns this information Cared deeply about the scope of a protective order in the existence of a protective order Because there was no agreement the court issued its own protective order There and there is an express finding of good cause I I don't recall for sure whether there's one in the protective order itself, but judge Griffin is on that point both the government and the Your other a police to distributed defendants and so on all of you wanted a protective order. There's no No dispute as to that I mean you were you had a community of interest in wanting to put a protective order on you just hadn't come to agreement on well, you resisted the subpoena and Then you dropped your your objections to the subpoena once the protective order came in place, right? Right, the government had very serious concerns about producing this data period even subject to a protective order But the government is also interested of course in helping this very important complex litigation proceed effectively so when the district court Determined that it would be appropriate and important for purposes of litigation for DEA to produce the data subject to a protective order The government ultimately decided to the rulings of the district court inconsistent First of all rejecting the bases that you had to produce these records the the law enforcement Reasons and the other reasons my understanding he projected those and then those same reasons are brought up To support the protective order and he says yes, those are good reasons not not to allow it. Isn't that contradictory? No, your honor. It's not contradictory for a couple of reasons the fact it either is gonna hurt law enforcement or it's not and He says at one hand it it won't and now he says it will so When he was ordering DEA to disclose the information subject to a protective order he said I think This will you know One of the components of his analysis was this will be subject to a protective order that will limit its use to litigation and law Enforcement purposes and broad public disclosure is very different from that for one thing and another thing that I would note Well, if it goes to trial then absent order of the court evidence introduced at trial will become public But DEA is required to have five days notice if the parties want to use any Arcos information so the court clearly is contemplating I think that if the parties want to use, you know, a Very broad Arcos is something that would raise law enforcement interest DEA can come in and ask for a special relief the other thing that I would note is that Another important thing that the court had before it when it issued the order denying the news organizations request for public disclosure Was a declaration from DEA assistant administrator Martin who said quote in paragraph 16 of his declaration Which is document 717-1 the disclosure of this data would quote create a very real risk of undermining open investigations Okay, this data ends 2014 I mean I asked what the statute of limitations is and they said five years. I mean Could you have prosecutions for? things before 2014 yes, absolutely. And the next paragraph of the declaration addresses that DEA explained in the declaration that investigations often span a number of years and You know for for one thing proceedings could have been started within the statute of limitations, but still be ongoing Yes, no, they are there is a redacted chart attached to the Martin declaration that shows the number of open I think investigations or proceedings bearing on each year of data and there is Is there is there a statute of limitations problem here with any of these old charges or not? I mean just just because you investigate it doesn't mean that you've satisfied the statute of limitations. I assume That I I think if you know There are a number of open proceedings at DEA and I expect that some of these might be things that have not been filed yet But in which the factual evidence goes back some number of years there could be proceedings that have already been filed There are no statute of limitations problems here with this old data I'm not aware of any statute of limitations problems. Are there not statute of limitations for this stuff or not? There are statutes of limitations. What are they? What number? I believe you're right that it's five years your honor but to me like all this stuff is It's older than five years Well, if the court were to determine that that that meant that there was no good cause for this protective order the court would have to disregard paragraph 17 of the Martin declaration which explains and Proceedings the court would have to find that Assistant Administrator Martin was simply wrong or lying and in ACLU of Michigan V FBI for example This is just a list of open proceedings doesn't tell us anything And I don't know what that means. I mean, they're not criminal charges. They're just what's an open proceeding? What does that mean? I suspect that some could be criminal charges some could be administrative DEA proceedings DEA of course can do its own administrative enforcement actions some might be Investigations on which DEA has not yet decided whether to pursue an administrative or criminal action The other problem I have this is government data that the taxpayers paid for by their own money And it almost seems like the government data for the taxpayers should be publicly disclosed I mean absent absent good cause to not disclose which is which is the standard here, but I I'm a little troubled that the government wants to keep secret data that That I think public, you know has a right to know about Congress has certainly recognized that the public has a right to know about government data and Congress enacted the federal Freedom of Information Act for That purpose the news organizations could file a Freedom of Information Act there under Ohio and what West Virginia? FOIA requests right here, right, but this these are federal records. These are not state records But the FOIA for the states do apply right, I'm not sure that they apply I mean we we cite in our brief cases in which the Ohio Supreme Court in particular has said that documents like these are not Public we don't have to get to the merits of the FOIA requests because the protective order trumps that right? Yes, it does oh, wait a minute though the the District Court seemed to say that he was relying for some of his thinking or rationale on the state FOIA law and That seems wrong in the sense that The state court should be enforcing that I don't know why he's getting into state being concerned about state FOIA law, but The district court seems to have dragged that into this Into his thinking on these issues. I Might be misremembering your honor. I know the court talked a lot about the federal FOIA I don't remember much discussion of state FOIA. The district court said these are federal records. I could be wrong Maybe there's a reference to state FOIA, but yeah, he did talk about the state for you the data being a matter of state FOIA law and I'm just unsure why he He started he he's not simply relying on federal law for this and leave it leaving it to the state courts to enforce the the state FOIA law Well, I think I the the I'm sorry that I'm I'm not remembering exactly what your honor is referring to But the basic point is that this is a matter of federal law and the news organizations as they've never explained Why they haven't filed a federal FOIA request my my issues not before us I mean the issue right now is the authority the issue the protective order had to seal the the pleadings, right? This is an underlying thing whether they're the merits of it whether they're actually entitled to it under Ohio and West Virginia FOIA or whether they should have gone to the Federal FOIA. So I think we're kind of going there Okay, there may be some confusion and what's being discussed here because the reference may actually be to state public disclosure laws which Your opponent says are in conflict with some of the protective orders And I think that's where the discussion about state procedures versus federal procedures Sort of emanates, right? Well, I don't know of any case that says that a district court lacks authority to issue a protective order over materials That would otherwise be subject to state law and if that were true That would really hamstring district court's ability to manage litigation in any sort of case involving a state court As for the Arco state of the only question before this court is whether the district court Abused its discretion and finding that there was good cause for a protective order. Good cause is not a particularly demanding standard The manual for you is good cause trying to leverage a settlement I'm glad that your honor mentioned that because that was on my list of things to say I don't know whether that would be good cause but that is not what the district court relied on here here District court make some sort of a statement of that that that was a reason for his order The district court said that he wanted DEA to disclose this data To the parties I think to help them litigate the case and also to explore settlement but the district court didn't say I'm imposing a protective order because you know That will be some sort of sword hanging over the head of the parties and they'll settle that he wants to They encourage the settlement and I recognize judges are always encouraging settlement We're trying to do the same thing up here But I I just don't think that if you look at the bases for good cause Encouraging settlement is not usually one of them on the list That's all and I do not read that to be one of the bases for good cause here I think the district court relied on the federal government's really real interest in protecting the this data Which it is using every day for prosecutions to try to stem the opioid epidemic and the manufacturers commercial interests Which I will leave to I thought on that point the judge was saying that it's disclosure That would help with settlement not not non-disclosure helping with settlement, right? I think the judge said that disclosure to the parties would help Settlement and litigation because it would help the parties figure out who should be involved in the case and who should be at the table I don't think the district court viewed the protective order as Itself a way to try to get towards settlement And another thing that I really want to just underscore is that The federal government as I said had very serious concerns about disclosure period and the government relied heavily on the protective order If we were to accept We were to accept their position and say that this protective order is overly broad. It's overly general however You know will vacate it and remand and then the government can argue specific cases specific documents that this particular document will impede this particular investigation or prosecution What's wrong with that remedy? Well for one thing, this is a giant database of federal law enforcement data This has as I understand it tens or perhaps hundreds of millions of lines of data And it's kind of the big picture of the data that is that's why the media wants it, right? Does not have a right to Argument that this is gonna hurt case number B Then you present that to the judge and you tell them why this is gonna hurt case number B and then look at judge Okay, we'll protect that one and then it's gonna hurt this case What's what's wrong with that? Well, I think either than just just just require all of it to be protected Which is what we're we've got right now Well, I think if we delete case number B and case number C from this database and give them the data without those things I suspect that manufacturer B and manufacturer C will say huh the Washington Post published this data set that removed everything that was related to an Ongoing investigation and I see that I'm not on there. So maybe I'm the subject of an ongoing investigation That seems to me like it would be Pretty difficult. Why would that be any concern to anybody? Because it would it would tip defendants off to The scope of DEA's investigation that really would be revealing what DEA is looking at in a concrete way defendants could You know destroy evidence. They could try to change their behavior to try to avoid Prosecution and at bottom I want to just re-emphasize that good cause is not a very demanding standard District courts issue protective orders and discovery all the time this court even said in Shane group But you're just saying there's a law enforcement interest without Providing more specificity you it's like the government's trying to block Innumerable rings of data just based on a blanket General assertion Which is not narrowly tailored or specific to any specific investigation or anything. It seems as though You've just gone overboard I'd like a better explanation of the law enforcement Interest than you just simply saying we got to keep all this stuff from public view because it would you would interfere with law Enforcement just saying that by itself Seems inadequate So a couple of responses to that your honor First of all, of course the standard for a protective order is not that it's required to be narrowly tailored to a compelling interest That's the ceiling standard and number two. There are two very detailed Declarations from a DEA. I didn't say it's narrowly tailored. It's not tailored at all as to anything. It's just a general blanket Generalization you're engaging in that all this would it would adversely affect law enforcement You'd have to it seems that you'd have to provide the court with with a better explanation than that Disclosure of this date so DEA analyzes this database as a whole to look for patterns and to look for trends and to pull out leads that it can that it is Sending every day to investigators on the ground So it's a disclosure of the database as a whole that would pose such a great threat to the government's law enforcement Interests and the protective order is narrowly tailored to that threat because it focuses only on this data set It doesn't it doesn't extend to You know other documents that the parties might exchange I also want to very briefly address the sealed pleadings issue Even though I recognize that my time has expired the very fundamental issue with the Washington Post argument Is that what the Washington Post was granted leave to intervene for the limited purpose of addressing its public records request? That was the request for Arcos data. This is footnote one in docket number 611 So I understand that the Washington Post might wish to have filings unsealed But it is simply not a party as to that purpose right now If if it wants to seek leave to intervene for a broader purpose in the district court, it can do so But it They were granted leave to intervene for the same limited purpose and the other the other media company hasn't even asked to unseal things One one one thing I we're allowing everybody to go over time here. It appears I Want to get back to this business that was brought up by your opponent as well as the court the reference to old data and the cutoff is 2014 The is is it true that Or I don't even say is it true, but that has nothing to do with continuing investigations it may The data that involved people that 2014 doesn't mean that they're still not under investigation. Does it? So if I understand your honors question, so If it's okay, I would like to read part of what assistant administrator Martin said. This is paragraph 17 of his declaration, which is docket 717 dash one He says the risk of adverse impact on DEA investigations and enforcement actions exists regardless of the age of the Arcos data Frequently DEA investigations remain open for multiple years so that all the appropriate evidence can be gathered and DEA can assess the viability of a potential legal or Enforcement action against the target Therefore it is not unusual for Arcos data first generated a decade ago to continue to have relevance and ongoing Investigations and enforcement action that was that was my question the statute of limitations might have some effect on what? Conduct they could include if they were to bring a prosecution But it doesn't have any impact on whether the investigation is ongoing or yes, that's absolutely right And of course evidence that itself Couldn't be charged because it's outside the statute of limitations could still be relevant to an ongoing investigation And to reject that that quote from assistant administrator Martin this court would have to overcome the presumption of good faith that's afforded to agency declarations, which this court has emphasized in for example a CLU of Michigan V FBI and courts You know afford particular deference to executive branch officials in predicting the law enforcement harms that could arise from from things and that's exactly what this is a good, you know, good cause is not demanding and This court would have to disbelieve this sworn declaration of a DEA official to find that the district court abused its discretion and finding good cause I'm Happy to answer any other questions the court might have. Thank you very much for your time. I know I went way over Thank you Good morning, your honors may it please the court Ashley Harden on behalf of the app elite companies and I want to jump right in and Clarify some things that have been said and arguments that have been made Judge Griffin to your question or to your statement about the fact that this is a taxpayer funded database The the DEA registrants themselves actually pay for the Arcos data. So it is not a taxpayer Funded database. I just wanted to clarify that. I also want to clarify. I think miss Carroll was making this point But it is a government database maintained by the government Yes, it takes money to maintain that right and the money comes from the 1,200 companies that report the data to the DEA and they're compelled to do so by statute Miss Carroll made this point I just want to reemphasize it because I think it's crucial because we heard so much of what we heard this morning from the Appellants is that this case is about the sealing of court records. This case is not at all about the sealing of court records They didn't raise that issue below there's been no finding by the district court as to The fact that they could have access to certain court pleadings or shouldn't have access to those and so when you say they you're referring to whom The appellants made absolutely no effort in the district court to have any court records unsealed Mr. McGinley was reading from the Cabell County complaint to your honors But he did not move to have any portion of that complaint unsealed in the district court And that is not what is on appeal here That is simply beyond the scope of the question that is before your honors What the only question that is before your honors this morning is a simple and a narrow one For entering a protective order to restrict the use and dissemination of a federal law enforcement record. There is no wait a minute That doesn't mean that we can't find that the issues Not in a twine. We may find that all these things are related in terms of Nondisclosure and the sealing of these documents and records You may be of a different view on that but and I'm not saying that that's the case I'm not saying we would do that, but they that's that's something certainly something for us to look at but go ahead The limited purpose for which the intervener the appellants were allowed to intervene and HD media for its part in your position Okay, I wouldn't also address your so this is federal federal law governs this issue And I don't actually think that the district court below referenced any state FOIA laws What the district court held was that this is not a record of the counties such that it becomes Disclosable under their public records laws, but he he didn't cite those statutes for that Authority and it is clear under this courts holdings and in the holdings of other federal courts Talk about this state for you. You didn't say he didn't you're not saying he didn't bring that up I don't see there's bring that up in the paragraph in which and I'm actually looking at the published version of this opinion Your honor, which is at 325 F sub 3rd 8 33 He says perhaps most important the Arcos data is not a record Generated by the counties that are or may be subject to state public records requests It is a law enforcement tool of the United States that it shares only with local law enforcement agencies He does not cite or even reference any state FOIA laws The this court's Decision in Wagar teaches that when the record is given to a public agency only because of civil litigation and there's no dispute That the counties and the cities that are MDL plaintiffs have access to the Arcos data only because they got it in civil litigation They otherwise do not have access to this database and this court held in Wagar that when the in that case It was the Department of Justice came in to possession of certain documents only as a result of civil discovery those documents remained under the court's control and the court is authorized to enter a protective order to govern their use and Dissemination so long as there is good cause and to address a point that your honor Judge Griffin has raised a couple of times There are three bases for good cause that the district court found none of them were to encourage settlement Although it is absolutely true that Judge Polster wants to encourage settlement in this case and has said so many times What he actually said the utility of the Arcos data to the MDL plaintiffs was is It enabled them to know which particular defendants they should they should sue in a particular Jurisdiction that is what he found to be the overwhelming Utility and use of the data and I don't think that anything he said in Entering the protective or the protective order is contradictory to his ultimate holding as it related to the appellants claim he said repeatedly that this data would not be made subject to public disclosure and The question then under this courts holdings in for example Courier Journal versus Marshall is was that protective order an appropriate means of facilitating discovery? While keeping in mind the countervailing interests of the DEA and the appellate companies I think it's a fair reading of what the district court said below that he would not have made this data Disclosable even to the parties had he not been able to retain control over that data through a protective order and it's absolutely clear that the DEA would not have produced the data Except for the entry of the protective order. So that's the question. We're asking. Was that an appropriate means of facilitating? Discovery in this case and it was because he had three good calls bases I'm out of time. I'm happy to continue if your honors have additional questions Think there are no questions pending at the moment. So thank you very much. Thank you your honors I'm going to be very brief because I do appreciate the extra time You've given to all of us just a couple points to make with regard to why we're here The case is Brown v. Williamson Brown and Williamson Shane group the blue cross Beauchamp the many the Freddie Mac red equip the John Deere USP Dijon a Danley the in-court capital, which I believe was authored by Judge Griffin who? suicide on his own redundancy here brought up the notion of operating in public and nobody has to ask for Public records for judicial pleadings to be filed publicly. That is what courts do and most recently Condors v Kia Motors, so there's adequate Authority in this circuit in particular with regard to that point. I just want to put that on the record Argument that your right of intervention was limited to the protective order and not unsealing the pleadings. That's exactly correct Okay, so you're saying that you have that right irrespective of the limitations on intervention, right? And actually Even if we hadn't brought it up and we brought it up because of The redaction that was filed with regard to the DEA's brief the day before Their brief was filed as you no doubt know Their brief was due on a Monday at any Friday afternoon and they filed a motion to file it with redactions under seal I did see that on the Friday On month on Sunday that was granted and on Monday they filed their brief under seal and on Wednesday the post filed a motion for access to the Unredacted version which as you no doubt know was not granted and was found to be moot Because on the day our brief was due the DEA refiled its brief with some of the redactions unredacted That is why it is an issue that we've brought up here but the reason I just read off those cases is because this court has consistently found that you do business the default position is that this court's business is in public and I believe that even if we hadn't brought it up This court would have appropriately been able to bring it up on its own as as it has done in so many other cases but a litigation posture is You're supposed to join issue with your opponent Doesn't somebody have to have reasonable notice of what you're claiming you could have you could have easily put in your pleadings That you're contesting the ceiling well when we filed our motion for access to the Unredacted brief that they filed. I believe that was sufficient notice that we were contesting their filing under seal Okay And a second point that the attorney for the pharmaceutical defendants meant that I just wanted to emphasize Is that she read? the precise language in the judge's order that impacts upon The Ohio public records statute and what that language says is that it doesn't matter How public entities got these records they are not going to become public records and with all due respect I think that the Ohio Public Records Act 149 point 011 G and 149 point 43 are very clear on what constitutes a public record and What exceptions to the public record are and so when a public entity? receives a public record and Actually uses it in that public entities business it becomes a public record and The evidence is in the record because the district court wrote it himself that the public entities received this information and have used it to add Some defendants and drop other defendants so it's in black and white that these records have been used precisely as That reason what happened here? Is that the protective odor on order far? overstepped what The district court should have done So I just want to leave the court with the suggestion that the way to resolve this case is To find that the district court committed multiple legal errors and thus abused its discretion Since it did not articulate good cause for issuing the protective order The protective order should be vacated and it should be remanded for a ruling under the correct legal standards Those legal standards must be narrower and not preempt state law they should be limited as the Seattle Times case said to the existence of the pretrial discovery phase and That they are not going to Become non-public records at the end of this litigation just because the district court says so and in addition to that I would respectfully Request that this court order that all pleadings that have been filed under seal or with redactions be unsealed or There has to be evidence submitted showing what why the ceilings are compelling why the compelling interest? Outweighs the public interest in knowing and why those are narrowly tailored All right, thank you very much For excellent arguments all around the case is submitted there being no further cases for argument court may be adjourned This honorable court is now adjourned